## Turner *versus* Putnam.

No appeal lies from a judgment upon a default in a justice's court.

When a matter is dismissed, because irregularly brought before the court, costs are allowed to the prevailing party, if the dismissal puts an end to all proceedings in the case; but are not allowed, if the dismissal leaves the case for further proceedings.

In the justices' court, the defendant was defaulted. He then claimed an appeal, which the justice allowed.

On motion, in the District Court, Cole, J., the case was dismissed with costs for the plaintiff.

The defendant excepted.

*Marble*, for plaintiff.

*Walton*, for defendant.

Shepley, C. J., orally. — An appeal will not lie for a defendant, upon a default in a justices' court.

*Exceptions dismissed.*

The plaintiff's counsel moved for costs.

Shepley, C. J. — In matters brought irregularly before the court, and dismissed for that cause, a rule relative to costs has already been established. When the dismissal leaves the case for further proceedings, costs are not allowed, because neither party has finally prevailed. But when it puts an end to the litigation, costs are allowed.

In this case, the judgment before the justice stands unaffected by this decision. It is not opened to let in inquiries as to the subsequent costs. Since the default, the plaintiff has been wrongfully kept in court, by an adversary process. In that process he has prevailed, whereby the whole litigation is brought to an end. He is the prevailing party, within the meaning of the statute. *Costs for plaintiff.*